13-4551-cv
*DiMuro v. Clinique Laboratories, LLC*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of July, two thousand fourteen.

PRESENT:

BARRINGTON D. PARKER,
DEBRA ANN LIVINGSTON,
CHRISTOPHER F. DRONEY,

*Circuit Judges.*

_____

ELLEN MACKLIN DIMURO, MARGARET OHAYON, DANA STEIN,
and all others similarly situated,

*Plaintiffs-Appellants,*

-v.-                                              No. 13-4551-cv

CLINIQUE LABORATORIES, LLC, ESTEE LAUDER COMPANIES, INC.,

*Defendants-Appellees.*

_____

ERIN GREEN COMITE, Scott+Scott, Colchester, CT (Adam J. Levitt, Grant & Eisenhofer P.A., Chicago, IL, James E. Cecchi, Olstein, Brody & Agnello, P.C., Roseland, NJ, *on the brief*) *for Plaintiffs-Appellants.*

KENNETH A. PLEVAN (Boris Bershteyn, Xiyin Tang, *on the brief*), Skadden, Arps, Slate, Meagher & Flom LLP, New York, NY, David R Schaefer, Sean M. Fisher, Brenner, Saltzman & Wallman LLP, New Haven, CT, *for Defendants-Appellees*.

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that the order of the District Court is **AFFIRMED.**

Plaintiffs-Appellants Ellen Macklin DiMuro, Margaret Ohayon, and Dana Stein ("Plaintiffs") filed a putative class action complaint against Defendants Clinique Laboratories, LLC and Estee Lauder Companies, Inc. ("Clinique" or "Defendants") asserting claims under Connecticut, New Jersey, and Illinois consumer fraud statutes, along with claims for breach of express warranty, breach of implied warranty, and unjust enrichment, arising from Defendants' marketing of seven different cosmetic products sold under the "Repairwear" product line. The United States District Court for the District of Connecticut (Covello, *J.*), in a November 22, 2013, decision and order, granted Defendants' motion to dismiss the Plaintiffs' consolidated class action complaint with prejudice. This appeal followed. We assume the parties' familiarity with the underlying facts and procedural history of the case, and with the issues on appeal.

*     *     *

**I. Standing**

Plaintiffs' consolidated class action complaint asserts claims arising out of Clinique's marketing of seven different Repairwear products, but the named Plaintiffs only allege to have purchased and used three of the seven products. Plaintiffs argue that they have class standing to bring claims for Repairwear products that they did not buy under our decision in *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145, 162 (2d Cir. 2012). For the following reasons, we disagree.

In *NECA*, we held that plaintiffs who had purchased certain securities had class standing to assert claims on behalf of purchasers of other related securities where the allegedly fraudulent conduct was a "nearly identical misrepresentation[] . . . . common to every Certificate's registration statement." *Id.* at 162. The fact that the nearly identical misrepresentation appeared in *different* offering documents made no difference because, in the circumstances there, "the location of the representations ha[d] no effect on a given purchaser's assertion that the representation was misleading." *Id.* at 162-63. Thus we held that "claims brought by a purchaser of debt from one offering would raise a 'set of concerns' nearly identical to that of a purchaser from another offering." *Id.* at 163. Here, by contrast, each of the seven different products have different ingredients, and Clinique made different advertising claims for each product.[1] Entirely unique evidence will, therefore, be required to prove that the 35-some advertising statements for each of the seven different Repairwear products are false and misleading. As a result, we cannot say that "claims brought by a purchaser of" one product "would raise a 'set of concerns' nearly identical to that of a purchaser" of another Repairwear product. Accordingly, Plaintiffs lack class standing to bring claims for the four products that they did not purchase, and these claims were properly dismissed.

**II. Consumer Fraud Claims**

We next conclude that the district court properly dismissed Plaintiffs' consumer fraud claims because Plaintiffs failed to plead them with the requisite "particularity." Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). We have held that Rule 9(b) requires that a complaint "(1) specify the statements that

---

[1] It is proper to consider the publicly available ingredient lists for the Repairwear products because the Plaintiffs made the ingredients a component of their consolidated complaint. *See, e.g., Levy v. Southbrook Int'l Invs., Ltd.*, 263 F.3d 10, 13 n.3 (2d Cir. 2001).

3

the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993). One of the cardinal purposes of Rule 9(b) is to "provid[e] a defendant fair notice of plaintiff's claim, to enable preparation of [a] defense." *DiVittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1247 (2d Cir. 1987). Plaintiffs' consolidated complaint is wholly conclusory and lacks the particularity required to ensure that Clinique received fair notice of Plaintiffs' claims. Accordingly, we affirm the dismissal of Plaintiffs' consumer fraud claims.

First, Plaintiffs' group-pleading as to the products and the advertisements at issue is inconsistent with Rule 9(b)'s particularity requirement in that the complaint fails to specify which of Clinique's alleged statements are fraudulent and with regard to what product. As a result of our holding on standing, we only consider allegations regarding the three remaining products: (1) Repairwear Intensive Night Cream, (2) Repairwear Laser Focus Wrinkle & UV Wrinkle Damage Corrector, and (3) Repairwear Intensive Eye Cream. As to these products, however, the consolidated complaint fails to allege facts explaining how each product did not work as advertised and why any specific advertising claim for each product is false. Plaintiffs' complaint instead alleges that seven different products were falsely advertised through 35-some different allegedly fraudulent statements. Yet, the complaint does not allege a single fact as to why any one claim for one product is false as compared to another claim for another product. It simply alleges that the 35-some claims are false because the products, collectively, cannot work. Given that the seven different products have different ingredients, different intended uses, and that Clinique makes different advertising claims for each one, this is wholly insufficient to satisfy Rule 9(b). Plaintiffs may not rely on the entirely implausible allegation that Clinique's "false, misleading, and/or deceptive

4

statements about the efficacy of a particular product are equally applicable to each of the Repairwear Products," Joint App'x. 67, failing to address the different product ingredients, different intended uses, and different claims. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) (Rule 9(b) is no "license to base claims of fraud on speculation and conclusory allegations").

Second, the consolidated complaint provides no factual allegations explaining how any specific advertising claims were fraudulent. *See Shemtob v. Shearson, Hammill & Co.*, 448 F.2d 442, 444 (2d Cir. 1971) (noting that conclusory allegations of fraud will be dismissed under Rule 9(b)). The complaint is riddled with repeated conclusory labels that Clinique's claims are "false, misleading, and/or deceptive," "deceptive, false, or misleading," "deceptively market[ed]," "false and misleading," and "deceptive and/or misleading." But no matter how many times Plaintiffs use these labels, they are not facts, and certainly not facts sufficient for Rule 9(b). Plaintiffs allege – as the factual basis to support these labels – that the products "do not and cannot live up to [Clinique's] efficacy claims,"[2] and that "no ingredient in any of the Repairwear Products can actually 'de-age' the skin." Joint App'x. 95. Plaintiffs fail to allege what the specific ingredients in each product are and that these ingredients lack the ability to improve skin appearance. This bare-bones pleading is thus inconsistent with Rule 9(b). *See, e.g., Luce v. Edelstein*, 802 F.2d 49, 54 (2d Cir. 1986) (dismissing certain claims under Rule 9(b) because, although plaintiffs alleged that "defendants made oral and written misrepresentations of their net worth and their ability to make the partnership business successful," the plaintiffs "do not state facts on which these allegations are based . . . or why those representations were false").

---

[2] Plaintiffs make this allegation that the products do not and cannot work over one dozen times. *See, e.g,* Joint App'x. 66, 67, 96, 97, 101, 103, 104, 105, 106, 108, 110, 112, 115, 116.

Third, the complaint fails to allege that any of the named Plaintiffs even *used* the product, let alone used the product as directed. *See, e.g.,* Joint App'x. 71 (Plaintiff DiMuro alleged that "purchases were for full retail price and for personal use," but there is no allegation of actual use); *id.* at 72 (same for Plaintiff Ohayon); *id.* (same for Plaintiff Stein). Similarly the named Plaintiffs do not allege what results they received from their use of the product. They only allege that they received "no value," "did not receive what they bargained for," or "did not get what they paid for." *See, e.g.,* Joint App'x. 95, 101, 103. Yet the complaint does not allege which particular advertising claims each of the named Plaintiffs relied on when purchasing the product, so the conclusion that they did not receive what they bargained for has no ascertainable meaning. From the allegations in the complaint we do not know: (1) if Plaintiffs used the products they purchased; (2) if Plaintiffs used the products as directed; (3) what specific benefits Plaintiffs expected to receive from the products based on false advertising claims and; (4) what benefits Plaintiffs hoped for but did not receive.

None of the Plaintiffs' arguments that they alleged their consumer fraud claims with particularity are persuasive. Plaintiffs argue first that they pled their consumer fraud claims with particularity because they allege that Clinique's advertised results for Repairwear products could only be achieved by drugs and, as a result, the claims for these cosmetics (not drugs) must be false. This allegation is both conclusory and implausible, and wholly insufficient to establish particularity under Rule 9(b). The allegation is conclusory because Plaintiffs do not support their allegation that the advertising claims constitute drug claims with any facts other than a label. The complaint simply lists twelve supposed advertising claims – for instance that the products "smooth out laugh lines" – and concludes that if the products have such effects, they "affect the structure or function of the human body and therefore [would] be regulated as a drug." Joint App'x. 76. But there are simply

no facts alleged to show why this is the case. The complaint also lacks the particularity required because it alleges only generally that these twelve claims were made for "Repairwear Products" and fails to identify to which particular product these claims relate, or even if the named Plaintiffs viewed or relied on any of these claims.

Finally, Plaintiffs argue that they alleged facts sufficient to show that Clinique's "dramatizations" are fraudulent. This argument seems to attack not the efficacy of the product itself but Clinique's depiction of the product's efficacy through dramatizations that "represent average results." But there is nothing misleading about a dramatization that presents "average results" as long as the dramatization accurately depicts the average results consumers may achieve. Plaintiffs do not allege that the dramatization is overly optimistic or portrays effects that are above average, other than the conclusory and non-particular allegations that we have previously determined to be insufficient to satisfy Rule 9(b).

### III. Unjust Enrichment

Plaintiffs' unjust enrichment claim was also correctly dismissed by the district court. Plaintiffs concede that "where an unjust enrichment claim is asserted in concert with a claim sounding in fraud," as is present here, "the unjust enrichment claim must be dismissed if the fraud claim is dismissed for failure to satisfy Rule 9(b)." Appellants' Br. 22. As we have already determined that Plaintiffs' consumer fraud claims were properly dismissed for failure to satisfy Rule 9(b), we also affirm the district court's dismissal of their unjust enrichment claim.

### IV. Breach of Express and Implied Warranty

We also affirm the district court's dismissal of Plaintiffs' last two claims for breach of express and implied warranty. Even assuming *arguendo*, as Plaintiffs argue, that the more lenient

7

standard under Rule 8(a) applies, dismissal was appropriate because Plaintiffs' allegations are conclusory and fail to rise to the level of plausibility.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face . . ." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotation marks omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully," and mere conclusory allegations "are not entitled to the assumption of truth." *Id.* at 678-79. Therefore complaints that only allege a scheme in a "wholly conclusory and speculative manner" and fail to "allege facts sufficient to establish the elements" are properly dismissed under Rule 12(b)(6). *Galiano v. Fid. Nat'l Title Ins. Co.*, 684 F.3d 309, 314 (2d Cir. 2012).

Plaintiffs' claims for breach of express warranty and breach of implied warranty rely on allegations that the products did not perform as advertised. *See* Appellants' Br. 43 ("Repairwear Products did not conform to express warrantees because Repairwear Products do not and cannot provide the promised results . . ."); Appellants' Br. 53 (Clinique breached "implied warranties . . . as the products do not and cannot provide the 'de-aging' benefits promised . . ."). These allegations and the rest of the allegations in the consolidated complaint supposedly supporting these claims are wholly conclusory. They do not provide a sufficient factual basis to establish a *plausible* breach of any specifically identified express or implied warranty. Thus we affirm the dismissal of Plaintiffs' final two claims.

**V. Leave to Amend**

Finally, we reject the Plaintiffs' argument that the district court erred by denying their request for leave to amend the complaint. Under Rule 15(a), "leave to amend 'shall be freely given

8

when justice so requires.'" *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (quoting Fed. R. Civ. P. 15(a)). But plaintiffs are "not entitled to an advisory opinion from the Court informing them of the deficiencies in the complaint and then an opportunity to cure those deficiencies." *Bellikoff v. Eaton Vance Corp.*, 481 F.3d 110, 118 (2d Cir. 2007). Moreover, a plaintiff need not be given leave to amend if the plaintiff fails to specify either to the district court or to the court of appeals how amendment would cure the pleading deficiencies in its complaint. *See, e.g.*, *Porat v. Lincoln Towers Comty. Ass'n*, 464 F.3d 274, 276 (2d Cir. 2006) (per curiam). We review the denial of a motion for leave to amend for an abuse of discretion. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). A district court only exceeds its discretion when its decision rests on an error of law, a clearly erroneous factual finding, or it cannot be located within the range of permissible decisions. *See Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 169 (2d Cir. 2001).

The district court's decision to deny Plaintiffs leave to amend their complaint was not an abuse of discretion. First, the Plaintiffs have failed to provide any detail as to what facts they would (or could) plead to cure their pleading deficiencies. Second, much of the information necessary for a properly pled complaint is and has always been in the possession of the Plaintiffs. For example, Plaintiffs failed to plead which particular representations they relied upon, and failed to specifically allege that they had used the products and that the results were not beneficial. In light of these facts, and the district court's correct recognition that this is the fourth complaint regarding these matters, it was not an abuse of discretion for the district court to conclude that amendment would not likely cure the deficiencies in Plaintiffs' complaint.

9

Plaintiffs make two arguments suggesting that the district court's denial was an abuse of discretion. First, they argue that the district court erroneously concluded that the Plaintiffs had previously amended their complaint four times. This argument mischaracterizes the district court's decision. The district court never stated or implied that the Plaintiffs previously amended their complaint four times. It merely noted – completely accurately – that this was the "fourth complaint filed in connection with this dispute." Thus, the denial was not based on a clearly erroneous factual finding. Second, Plaintiffs argue that it was an abuse of discretion to deny them leave to amend because they made no amendment prior to or after the decision dismissing their complaint. This is no abuse of discretion. As we have held, Plaintiffs are "not entitled to an advisory opinion from the Court informing them of the deficiencies in the complaint and then an opportunity to cure those deficiencies." *Bellikoff*, 481 F.3d at 118. The district court's denial of the Plaintiffs' request to amend their consolidated complaint was not an abuse of discretion.

We have reviewed Plaintiffs' remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk