22-1805
*Hardy v. Olé Mexican Foods, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of May, two thousand twenty-three.

PRESENT:

> SUSAN L. CARNEY,
> RICHARD J. SULLIVAN,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

————————————————————————

RYAN HARDY, individually and on behalf of all others similarly situated,

> *Plaintiff-Appellant*,

v.                                                                    No. 22-1805

OLÉ MEXICAN FOODS, INC.,

> *Defendant-Appellee.*\*

————————————————————————

---

\* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

**For Plaintiff-Appellant**          Timothy J. Peter, Faruqi & Faruqi, LLP, Philadelphia, PA; Nina M. Varindani, Innessa M. Huot, Faruqi & Faruqi, LLP, New York, NY.

**For Defendant-Appellee:**          Nancy L. Stagg, Kilpatrick Townsend & Stockton LLP, San Diego, CA.

Appeal from a judgment of the United States District Court for the Western District of New York (John L. Sinatra, Jr., *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Ryan Hardy appeals from the district court's judgment dismissing his claims, brought on behalf of himself and other similarly situated consumers, against Olé Mexican Foods, Inc. ("Olé") for violations of New York General Business Law sections 349 and 350. Hardy alleged that the packaging of four "La Banderita" tortilla products (the "La Banderita Products") misled consumers into believing that the products originated from Mexico, when in fact they were made in the United States. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

2

We review the grant of a motion to dismiss de novo, accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor. *Cap. Mgmt. Select Fund Ltd. v. Bennett*, 680 F.3d 214, 219 (2d Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

As an initial matter, we must determine whether Hardy has both Article III standing and class-action standing. To demonstrate Article III standing, a plaintiff must allege (1) an injury in fact that is (2) fairly traceable to the defendant's actions and that is (3) redressable by the requested relief. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). Meanwhile, "a plaintiff has class standing if he plausibly alleges (1) that he personally has suffered some actual injury as a result of the putatively illegal conduct of the defendant" and "(2) that such conduct implicates the same set of concerns as the conduct alleged to have caused injury to other members of the putative class by the same defendant[]." *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145, 162 (2d Cir. 2012) (alteration and internal quotation marks omitted).

Here, Hardy has Article III standing for the one product he purchased, La Banderita Taco Size Flour Tortillas, and class standing for the other three La Banderita Products that he did not purchase – La Banderita Burrito Grande, La Banderita Sabrosísimas Corn, and La Banderita Whole Wheat Fajita.  According to his complaint, Hardy suffered a cognizable injury when he paid a price premium for a La Banderita product that he otherwise would not have purchased had he known it was not made in Mexico.  The complaint also makes clear that the injury is fairly traceable to the packaging of Olé's products, and that it is redressable by damages against Olé.

Hardy also has class standing because all four La Banderita Products implicate "the same set of concerns" relating to whether the packaging misrepresented where the products were made.  *NECA-IBEW*, 693 F.3d at 162. Variations in size and formulations notwithstanding, the products were advertised in packaging that displayed almost-identical statements, color schemes, and designs.  As such, we find that the present dispute involves "claims brought by a purchaser of one product [that] would raise a set of concerns nearly identical to that of a purchaser of another . . . product."  *See DiMuro v. Clinique Lab'ys, LLC*, 572 F. App'x 27, 29 (2d Cir. 2014) (internal quotation marks omitted);

4

*see also id.* (finding that "Plaintiffs lack[ed] class standing to bring claims for the four [out of seven] products that they did not purchase," because "[e]ntirely unique evidence [was] required to prove" the falsity of approximately thirty-five different advertising statements on each of the seven different products).

Satisfied that Hardy has both Article III and class standing, we now turn to the merits of Hardy's deceptive-practices and false-advertising claims. New York General Business Law section 349 prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce," N.Y. Gen. Bus. Law § 349, and section 350 prohibits "[f]alse advertising in the conduct of any business, trade or commerce," *id.* § 350. To state a claim under either section, "a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015) (internal quotation marks omitted). "[A] plaintiff must plausibly allege that the deceptive conduct was likely to mislead a reasonable consumer acting reasonably under the circumstances." *Mantikas v. Kellogg Co.*, 910 F.3d 633, 636 (2d Cir. 2018) (internal quotation marks omitted).

"The primary evidence in a consumer-fraud case arising out of allegedly false advertising is, of course, the advertising itself," *Fink v. Time Warner Cable*, 714 F.3d 739, 742 (2d Cir. 2013), which "[w]e . . . consider . . . as a whole, including disclaimers and qualifying language," *Mantikas*, 910 F.3d at 636. On the La Banderita Products, a graphic resembling the Mexican flag (but with corn stalks instead of the coat of arms of Mexico) figures prominently in the center of the packaging and sets the green-white-red color scheme of the packaging.[1] J. App'x at 52, 54, 56, 59, 62.[2] The "La Banderita" brand is printed in a circle surrounding the flag, along with a descriptor of the tortilla product (*e.g.*, "Flour Tortillas," "Burrito Grande," "Sabrosísimas," or "Fajita"). *Id*. Depending on the product, these words may be repeated at the edges of the packaging, which may also display a smaller version of the flag graphic – this time with a white bull replacing the white segment of the flag – and the phrase "A Taste of Mexico!" *Id*. at 52, 54, 56. The remainder of the packaging describes in English the number of tortillas

---

[1] The description above generally applies to the packaging used for Olé's Sabrosísimas corn tortilla product. *See* J. App'x at 59. Although there are slight variations in the packaging used for the four La Banderita Products, we find that these differences do not meaningfully impact the analysis or outcome of this case.

[2] The district court took judicial notice of the packaging images that Olé submitted in connection with its motion to dismiss. *See Hardy v. Olé Mexican Foods, Inc.*, 616 F. Supp. 3d 247, 249 n.1 (W.D.N.Y. 2022). Hardy does not challenge this ruling on appeal.

included, the size of the tortillas, featured ingredients, and the product's net weight. *Id*. at 52, 54, 56, 59, 62. On the back of the packaging there is a La Banderita logo and the flag graphic, followed by a "Nutrition Facts" table, heating instructions, and barcodes. J. App'x at 39, 52, 54, 57, 60, 63. Notably, in the bottom-left corner, the packaging includes graphics stating that the products are "MANUFACTURED BY: OLÉ MEXICAN FOODS, INC. NORCROSS, GA 30071" and "MADE IN U.S.A." *Id.*

After considering the "advertisement as a whole," we agree with the district court that Hardy has not "plausibly allege[d] that the deceptive conduct was likely to mislead a reasonable consumer acting reasonably under the circumstances." *Mantikas*, 910 F.3d at 636 (internal quotation marks omitted). Glaringly absent from the packaging is any statement that the La Banderita Products are made in Mexico. To be sure, the front of the packaging displays green, white, and red graphics resembling the Mexican flag and incorporates the phrase "A Taste of Mexico" as well as the Spanish word "La Banderita." J. App'x at 52, 54, 56, 59, 62. But while these features may encourage consumers to draw *associations* with Mexico and promote the belief that the products contain Mexican-style flavors and ingredients, no reasonable consumer would construe these elements to be an

7

affirmative representation that the La Banderita Products were in fact *manufactured* in Mexico. This is especially true given that the back of the packaging conspicuously states that the products are "MADE IN U.S.A." and "MANUFACTURED [IN] NORCROSS, GA." J. App'x at 39, 52, 54, 57, 60, 63. The La Banderita Products' packaging is thus distinguishable from that before the court in *Mantikas*, in which the front of the product's packaging contained "misleading information set forth in large bold type on the front of the box" that could not be "clarified" or cured by reverse-side disclosures that were nestled in a "Nutrition Facts panel and ingredients list." *See Mantikas*, 910 F.3d at 636–37.

Hardy's position seems to be that *Mantikas* established a rule that information on the back of a product's packaging is always irrelevant to a deceptive-marketing claim; he argues that a front-label representation about *any* aspect of a product can never be clarified by a representation made elsewhere on a product's packaging to avoid a claim under either section 349 or 350. This is not what *Mantikas* holds. To the contrary, *Mantikas* reaffirmed that we will "consider the challenged advertisement as a whole, including disclaimers and qualifying language" and that "context is crucial" in evaluating deceptive-marketing claims. *Id.* at 636 (citing *Fink*, 714 F.3d at 742). *Mantikas* instructs that in considering

advertisements regarding a product's nutritional content, a small-print ingredient list cannot "cure" front-label representations that are otherwise highly deceptive because "reasonable consumers expect that the ingredient list contains more detailed information about the product that *confirms* other representations on the packaging." *Id.* at 637 (internal quotation marks omitted). *Mantikas* does not suggest that its reasoning necessarily applies outside the context of nutritional labels.

Even if *Mantikas*'s reasoning applied to some place-of-origin advertising, however, its "front-of-the-package" rule does not apply here, where the front-side packaging makes no express representations as to the origin of the La Banderita Products, while the back of the packaging unambiguously notes where the products were "made" and "manufactured." J. App'x at 39, 52, 54, 57, 60, 63. For these reasons, the district court did not err in concluding that Hardy failed to "plausibly allege" that a "reasonable consumer acting reasonably under the circumstances" would likely believe that the La Banderita Products were made in Mexico. *Mantikas*, 910 F.3d at 636 (internal quotation marks omitted).[3]

---

[3] Hardy makes much of the fact that, in interpreting similar claims brought under provisions of California state laws that resemble New York General Business Law sections 349 and 350, a California district court reached the opposite conclusion concerning whether the La Banderita Products' packaging was misleading. *See de Dios Rodriguez v. Olé Mexican Foods Inc.*, No.

9

We have considered Hardy's remaining arguments and find them to be without merit.  For these reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

EDCV202324JGBSPX, 2021 WL 1731604, at *3–5 (C.D. Cal. Apr. 22, 2021).  This is of no moment, since the California district court's decision dealt with a different state's statutes and, in any event, has no binding effect on this Court.  *See Glover v. Bausch & Lomb Inc.*, 6 F.4th 229, 240 (2d Cir. 2021), *certified question answered*, 343 Conn. 513 (2022).