18-3548-cv
*Geffner v. The Coca-Cola Company*

# In the
# United States Court of Appeals
## for the Second Circuit

AUGUST TERM 2018

No. 18-3548-cv

EVAN GEFFNER AND IVAN BABSIN, ON BEHALF OF THEMSELVES, ALL
OTHERS SIMILARLY SITUATED, AND THE GENERAL PUBLIC,
*Plaintiffs-Appellants*,

v.

THE COCA-COLA COMPANY,
*Defendant-Appellee*.

On Appeal from the United States District Court
for the Southern District of New York

ARGUED: JUNE 19, 2019
DECIDED: JUNE 27, 2019

Before: CABRANES, RAGGI, and DRONEY, *Circuit Judges*.

Plaintiffs-Appellants Evan Geffner and Ivan Babsin ("Plaintiffs"), on behalf of themselves and others similarly situated, brought a purported class action against Defendant-Appellee The Coca-Cola Company ("Coca-Cola") alleging that Coca-Cola violated several provisions of New York State law through misleading naming and marketing of its soft drink "Diet Coke." The District Court (Louis L. Stanton, *Judge*) dismissed all claims under Federal Rule of Civil Procedure 12(b)(6). Consistent with the rulings of every court that has addressed this issue, we hold that when included in a soft drink title, the adjective "diet" (1) refers specifically to caloric content rather than a generic promise of weight-loss, and (2) carries a primarily relative (in relation to the non-diet soft drink equivalent), rather than an absolute, meaning. Accordingly, we **AFFIRM** the October 31, 2018 judgment of the District Court.

––––––––––

JOHN K. WESTON, (Abraham Z. Melamed, Derek Smith Law Group, PLLC, New York, NY; Jack Fitzgerald, Trevor M. Flynn, Melanie Persinger, The Law Office of Jack Fitzgerald, PC, San Diego, CA, *on the brief*) Sacks Weston Diamond LLC, Philadelphia, PA, *for Plaintiffs-Appellants.*

JANE METCALF (Steven A. Zalesin, Catherine A. Williams, Michael Sochynsky, *on the*

*brief*), Patterson Belknap Webb & Tyler LLP, New York, NY, *for Defendant-Appellee.*

---

PER CURIAM:

Plaintiffs-Appellants Evan Geffner and Ivan Babsin ("Plaintiffs"), on behalf of themselves and others similarly situated, brought a purported class action against Defendant-Appellee The Coca-Cola Company ("Coca-Cola") alleging that Coca-Cola violated several provisions of New York State law through misleading naming and marketing of its soft drink "Diet Coke." The District Court (Louis L. Stanton, *Judge*) dismissed all claims under Federal Rule of Civil Procedure 12(b)(6). Consistent with the rulings of every court that has addressed this issue, we hold that when included in a soft drink title, the adjective "diet" (1) refers specifically to caloric content rather than a generic promise of weight-loss, and (2) carries a primarily relative (in relation to the non-diet soft drink equivalent), rather than an absolute, meaning. Accordingly, we **AFFIRM** the October 31, 2018 judgment of the District Court.

## I.    BACKGROUND

On October 16, 2017, Plaintiffs filed their initial complaint, alleging that Coca-Cola's naming and marketing of Diet Coke

3

violated several provisions of New York State law.[1] In particular, Plaintiffs allege that the label "diet" misled Coca-Cola consumers by promising that the soft drink would "assist in weight loss" or at least, "not cause weight gain."[2] Plaintiffs also allege that Coca-Cola's marketing claims that Diet Coke "will not go to your waist" and "is suitable for carbohydrate and calorie-reduced diets," and its use of physically fit models in advertisements reinforce this promise of weight loss.[3] Finally, Plaintiffs rely on several studies to allege that aspartame (an artificial sweetener contained in Diet Coke) "is likely to cause weight gain" and "does not help with weight loss."[4]

The District Court dismissed all of Plaintiffs' claims, concluding that Diet Coke's marketing conveyed only an assertion of reduced calories (rather than a promise of weight loss or weight management) and that Plaintiffs' cited studies do not show a causal link between aspartame (contained in Diet Coke) and weight gain. Plaintiffs timely appealed.

---

[1] In their First Amended Complaint, Plaintiffs allege negligent misrepresentation, intentional misrepresentation and fraud, breach of express warranty, breach of implied warranty of merchantability, breach of implied warranty of fitness, violations of New York General Business Law § 349 (unfair and deceptive business practices) and § 350 (false advertising), and bring a state restitution claim. App'x 36–43.

[2] *Id.* at 10.

[3] *Id.* at 10–18.

[4] *Id.* at 22–30.

4

## II. DISCUSSION

We review *de novo* a district court's grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).[5] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[6]

Each of Plaintiffs' claims requires that they establish that Coca-Cola marketed Diet Coke by means of false or misleading statements or conduct.[7] We find Plaintiffs' allegations of such false statements or conduct implausible on their face.

First, we reject any claims based on Coca-Cola's advertising. The use of physically fit and attractive models using and enjoying advertised products is so ubiquitous that it cannot be reasonably

---

[5] *Caro v. Weintraub*, 618 F.3d 94, 97 (2d Cir. 2010).

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

[7] *See Manuel v. Pepsi-Cola Co.*, 2018 WL 2269247, at *7 (S.D.N.Y. May 17, 2018) (collecting authorities for each of Plaintiffs' claims); *see also Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015) (requiring "materially misleading" conduct for violations of New York General Business Law §§ 349 and 350); *Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 180 (2011) (requiring "incorrect" information in negligent misrepresentation claims); *Premium Mortg. Corp. v. Equifax, Inc.*, 583 F.3d 103, 108 (2d Cir. 2009) (requiring "a misrepresentation or a material omission of fact" for all fraud claims); *see also* App'x 40–42 (all of Plaintiffs' breach of warranty claims based on Coca-Cola's allegedly inaccurate use of the word "diet" and misleading marketing representations).

understood to convey any specific meaning at all. Similarly, the statement that Diet Coke will "not go to your waist" is so vague and non-specific a representation that, at most, it amounts to inactionable "puffery."[8] As for Coca-Cola's statement that Diet Coke is suitable for "carbohydrate and calorie-reduced diets," Plaintiffs allege no facts to suggest that this statement is false. On the contrary, Plaintiffs themselves acknowledge that "Diet Coke does not contain sugar or calories" in their First Amended Complaint.[9]

We turn then to Plaintiffs' primary theory, *i.e.*, that the "diet" label *itself* constitutes a misleading statement.

We note that this court has twice summarily rejected substantially identical claims (from the same attorneys, no less) in the past few months.[10] Those two decisions affirmed the uniform consensus of the district courts that have addressed similar challenges to diet soft drinks.[11] Here, we employ a published opinion to reject Plaintiffs' claims.

---

[8] *See Cohen v. Koenig*, 25 F.3d 1168, 1172 (2d Cir. 1994).

[9] App'x 9–10.

[10] *See Manuel v. Pepsi-Cola Co.*, 763 F. App'x 108 (2d Cir. 2019) (summary order); *Excevarria v. Dr Pepper Snapple Grp., Inc.*, 764 F. App'x 108 (2d Cir. 2019) (summary order).

[11] *See Manuel*, 2018 WL 2269247; *Becerra v. Dr Pepper/Seven Up, Inc.*, 2018 WL 3995832 (N.D. Cal. Aug. 21, 2018); *Becerra v. Coca-Cola Co.*, 2018 WL 1070823 (N.D. Cal. Feb. 27, 2018).

As we have previously observed, "in determining whether a reasonable consumer would have been misled by a particular advertisement, context is crucial."[12] The dictionary defines "diet" in the soft drink context as meaning "reduced in or free from calories."[13] Consistent with that plain meaning, federal law has long authorized the use of the term "diet" on soft drink labels, where, among other things, it contained low or reduced calories.[14] There is no dispute that Diet Coke meets the federal requirements to be labelled "diet." While we need not decide whether federal law preempts the state-law claims asserted here, that long-standing federal regulation is persuasive evidence of the meaning of the label "diet" in the diet-soda context.

We therefore conclude that, in the context of soft drink marketing, the term "diet" carries a clear meaning. First, the "diet" label refers specifically to the drink's low caloric content; it does not convey a more general weight loss promise.[15] This holding alone precludes Plaintiffs' claims. As we noted above, Plaintiffs expressly

---

[12] *Fink v. Time Warner Cable*, 714 F.3d 739, 742 (2d Cir. 2013).

[13] *Merriam-Webster's Collegiate Dictionary* (11th ed.)

[14] *See* 21 U.S.C. § 343®(2)(D); 21 C.F.R. § 105.66 (1989).

[15] The nature of this supposed weight loss promise is not entirely clear. At one point in their complaint, Plaintiffs even suggest that the "diet" label suggests that Diet Coke will have the same effect on weight as "drinking water." App'x 10.

concede that Diet Coke does not contain calories.[16] The use of the label "diet" in this context is therefore accurate and lawful.

Second, we conclude that, when applied to soft drinks, the label "diet" carries a primarily relative (rather than absolute) meaning. In other words, it connotes simply that the "diet" version of the drink is *lower* in calories than the "non-diet" version of the drink. Here, Plaintiffs do not dispute that Diet Coke is lower in calories than "regular" Coke. Accordingly, Plaintiffs have failed plausibly to allege that the "diet" label is misleading.

Because Plaintiffs have failed plausibly to allege a misleading statement, each of their proposed causes-of-action lacks a necessary element. Dismissal was therefore proper.[17]

### III. CONCLUSION

To summarize, we hold as follows:

(1) When applied to soft drinks, the label "diet" refers specifically to the drink's low caloric content. It does not convey a general weight loss promise.

(2) When applied to soft drinks, the label "diet" carries a primarily relative (rather than absolute) meaning. In other

---

[16] *Id.* at 9–10.

[17] *Iqbal*, 556 U.S. at 678.

8

words, it connotes simply that it is *lower* in calories than the non-diet version of the same drink.

For the foregoing reasons, we **AFFIRM** the October 31, 2018 judgment of the District Court.