22-1528-cv
*Costello v. Wells Fargo Bank, NA*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of October, two thousand twenty-three.

PRESENT:
> BARRINGTON D. PARKER,
> JOSEPH F. BIANCO,
> > *Circuit Judges*,
> JED S. RAKOFF,
> > *District Judge.*[*]

---

James Thomas Costello,

> *Plaintiff-Appellant*,

> v.                                                                      22-1528-cv

Wells Fargo Bank, NA, Nationstar Mortgage LLC, DBA Mr. Cooper, US Bank Trust NA, not in its individual capacity but solely as owner Trustee for VRMTG Trust, Milford Law LLC, DBA Kapusta, Otzel & Averaimo, AKA Barton Gilman LLP, Paul Lewis Otzel, Cooke Law LLC, FKA Sandelands Eyet LLP, Crystal Lyn Cooke, McCalla Raymer Liebert Pierce LLC, FKA Hunt Liebert Jacobson PC,

---

[*] Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

Linda Jane St. Pierre, Victoria Lynn Forcella, Lynwood Condominium Association Inc., Pilicy & Ryan PC, AKA Franklin G Pilicy PC, Franklin G. Pilicy, Charles A. Ryan, Jillian A. Judd,

*Defendants-Appellees.*

_____

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | James T. Costello, *pro se*, Stratford, CT. |
| FOR DEFENDANT-APPELLEE US BANK: | Thomas J. O'Neill, Day Pitney LLP, Stamford, CT. |
| FOR DEFENDANTS-APPELLEES COOKE LAW LLC AND CRYSTAL LYN COOKE: | Crystal L. Cooke, Cooke Law LLC, Avon, CT. |
| FOR DEFENDANTS-APPELLEES MILFORD LAW LLC AND PAUL LEWIS OTZEL: | Karen T. Murolo, Murolo & Murolo, LLC, Cheshire, CT. |
| FOR DEFENDANT-APPELLEE LYNWOOD CONDOMINIUM ASSOCIATION: | Jeffrey O. McDonald, Hassett & George, P.C., Simsbury, CT. |
| FOR DEFENDANT-APPELLEE WELLS FARGO: | Sean R. Higgins, K&L Gates LLP, Boston, MA. |
| FOR DEFENDANTS-APPELLEES JILLIAN A. JUDD, PILICY & RYAN PC, FRANKLIN G. PILICY, AND CHARLES A. RYAN: | Kerry R. Callahan, Updike, Kelly & Spellacy, P.C., Hartford, CT. |

Appeal from a judgment of the United States District Court for the District of Connecticut (Bolden, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

2

Plaintiff-appellant James Costello, proceeding *pro se*, alleged that the defendants, who are attorneys, law firms, and mortgage servicers, acted unlawfully during foreclosure proceedings against his Connecticut property. In his complaint, Costello asserted claims under 42 U.S.C. § 1983 and the Fair Debt Collection Practices Act ("FDCPA," 15 U.S.C. § 1692 *et seq.*), and alleged that the defendants were liable for civil contempt under multiple federal statutes for violation of the discharge order issued in 2014 by a bankruptcy court in connection with his Chapter 7 Bankruptcy. He also invoked Connecticut state law—for instance, alleging violations of the Connecticut Unfair Trade Practices Act ("CUTPA," Conn. Gen. Stat. § 42-110a *et seq.*). As relevant here, the district court dismissed Costello's federal causes of action for failure to state a claim and declined to exercise supplemental jurisdiction over his state law claims. *See Costello v. Wells Fargo Bank NA*, No. 21-cv-1388, 2022 WL 1912870 (D. Conn. June 3, 2022). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

Our review of a Rule 12(b)(6) dismissal is *de novo*. *MacNaughton v. Young Living Essential Oils, LC*, 67 F.4th 89, 95 (2d Cir. 2023). Under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in a complaint are accepted as true, this tenet does not apply to legal conclusions. *Id.* at 678.

First, we agree with the district court that Costello lacks a private right of action to bring contempt claims under the relied-upon federal statutes. We have "never identified a

3

[freestanding] private right of action" under 11 U.S.C. § 524 for violation of a discharge order; rather, "the only court that may offer a contempt remedy is the court that issued the discharge order." *In re Belton v. GE Cap. Retail Bank*, 961 F.3d 612, 616–17 (2d Cir. 2020). Nor does the language of 12 U.S.C. § 4617(j)(3),[1] the Federal Foreclosure Bar, "evince a clear manifestation of congressional intent to create a private right of action." *Moya v. U.S. Dep't of Homeland Sec.*, 975 F.3d 120, 128 (2d Cir. 2020) (internal quotation marks and citation omitted); *see also Olmsted v. Pruco Life Ins. Co. of N.J.*, 283 F.3d 429, 432 (2d Cir. 2002) (explaining that a cause of action does not exist "[w]ithout congressional intent"). Costello's reliance on *Taggart v. Lorenzen*, 139 S. Ct. 1795 (2019), is misplaced. *Taggart* dealt with the power of a bankruptcy court to hold a creditor in civil contempt and provides no support for a private right of action by a plaintiff in this non-bankruptcy action.

Second, the Section 1983 claims also were properly dismissed. A Section 1983 claim requires a violation of federal rights "by either a state actor or a private party acting under color of state law." *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002). The defendants here are not state actors, and Costello has not otherwise alleged that the defendants' conduct was "fairly attributable to the state" or cloaked in its authority. *Hollander v. Copacabana Nightclub*, 624 F.3d 30, 33 (2d Cir. 2010) (per curiam) (internal quotation marks and citation omitted).

Third, we agree with the district court that the FDCPA claims do not survive a motion to dismiss because they were untimely and also failed to state a plausible cause of action. Claims under the FDCPA are subject to a one-year statute of limitations from the date a violation occurs.

---

[1] "No property of the Agency shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of the Agency, nor shall any involuntary lien attach to the property of the Agency." 12 U.S.C. § 4617(j)(3).

15 U.S.C. § 1692k(d). Costello argues that the district court's opinion erroneously states that his complaint was filed on December 18, 2021, when it was actually filed on October 19, 2021. He is correct. However, even using the correct date, his FDCPA claims are still untimely. Because his complaint was filed on October 19, 2021, any violation of the FDCPA must have occurred after October 19, 2020 for his complaint to be timely. The relevant allegations in Costello's complaint occurred, at the latest, in November 2018 and, thus, his claims are untimely. In any event, even if Costello's FDCPA claims were timely, as the Supreme Court has explained, "you have to attempt to collect debts owed *another* before you can ever qualify as a debt collector" under the FDCPA. *Henson v. Santander Consumer USA Inc.*, 582 U.S. 79, 87 (2017). Because the defendants were either seeking to collect debts owed to them or are law firms or lawyers involved in filing the foreclosure action against Costello, the complaint fails to state a plausible FDCPA claim. Accordingly, the district court correctly dismissed the FDCPA claims.

We are also unpersuaded by Costello's challenge to the district court's denial of leave to amend. Although a *pro se* plaintiff should ordinarily be allowed to amend "at least once," *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (internal quotation marks and citation omitted), "it is proper to deny leave to [amend] where there is no merit in the proposed amendments or amendment would be futile," *Hunt v. All. N. Am. Gov't Income Tr., Inc.*, 159 F.3d 723, 728 (2d Cir. 1998).

We review *de novo* a district court's denial of leave to amend based on futility. *Shimon v. Equifax Info. Servs. LLC*, 994 F.3d 88, 91 (2d Cir. 2021). As set forth above, the district court correctly identified multiple defects in Costello's claims. Costello has not identified, in this Court or below, how leave to amend would allow him to correct these pleading deficiencies in his complaint. Accordingly, because there is no indication that the substantive defects in Costello's

5

complaint could be cured with better pleading, the district court properly declined to grant him leave to amend.[2]  *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

<p align="center">*     *     *</p>

We have reviewed Costello's remaining arguments and find them to be without merit.   For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

<div style="margin-left: 45%">
FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk of Court
</div>

---

[2]   To the extent Costello also suggests that the district court erred in declining supplemental jurisdiction over his state law claims, we disagree.   Because the district court properly dismissed the federal claims—the only claims over which it had original jurisdiction—it did not abuse its discretion by declining to exercise supplemental jurisdiction over Costello's state law claims.   *See Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006).