*Rowe v. Cenlar FSB, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of October, two thousand twenty-three.

PRESENT:
> PIERRE N. LEVAL,
> BARRINGTON D. PARKER,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

———————————————————

ROGER ROWE,

> *Plaintiff-Appellant,*

v.                                                                       No. 22-1870

CENLAR FSB, CITIMORTGAGE, INC.,

> *Defendants-Appellees.*

———————————————————

FOR PLAINTIFF-APPELLANT:                      ROGER ROWE, *pro se*,
                                                                          Amityville, NY.

FOR DEFENDANTS-APPELLEES:
LIJUE THOMAS PHILIP,
Stradley Ronon Stevens &
Young, LLP, New York,
NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Azrack, *J.*)

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Appellant Roger Rowe, proceeding as a self-represented party, brought claims against both the servicer, CitiMortgage, and "subservicer," Cenlar FSB, of a loan for failing to timely disclose information required by the Truth in Lending Act ("TILA"), and for refusing to accept his attempted rescission of the loan. He brought additional claims against both defendants under state law, and against Cenlar FSB pursuant to the Fair Debt Collection Practices Act ("FDCPA"). The district court granted defendants' motion to dismiss Rowe's amended complaint, finding that (1) neither defendant was (or ever had been) a creditor or assignee of Rowe's loan and therefore was not required to disclose the information Rowe sought, (2) Rowe's time to rescind his loan expired in 2005 at the latest, and (3) Cenlar FSB was not a "debt collector" under the terms of the FDCPA because Rowe's loan was not in default when Cenlar began to service his loan. *See Rowe v. Cenlar FSB*, No. 19CV07278(JMA), 2021 WL 6065746, at *2-5 (E.D.N.Y. Dec. 22, 2021). The district court then declined to exercise jurisdiction over Rowe's state law claims. Rowe

2

then filed a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, which the district court denied. *See Rowe v. Cenlar FSB*, No. 19CV07278(JMA), 2022 WL 3682302 (E.D.N.Y. Aug. 25, 2022). Rowe appealed the judgment, and the denial of his Rule 60(b) motion, to this court. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

"We review the district court's grant of a motion to dismiss *de novo,* but may affirm on any basis supported by the record." *Coulter v. Morgan Stanley & Co. Inc.*, 753 F.3d 361, 366 (2d Cir. 2014) (per curiam). A complaint will survive a motion to dismiss only if the facts alleged, taken as true and with all reasonable inferences drawn in the plaintiff's favor, state a plausible claim to relief. *See MacNaughton v. Young Living Essential Oils, LC*, 67 F.4th 89, 95 (2d Cir. 2023). While submissions by a self-represented litigant are liberally construed to raise the strongest arguments they suggest, they still "must state a plausible claim for relief." *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (per curiam) (citation and quotation marks omitted).

"We review district court rulings on Rule 60(b) motions for abuse of discretion." *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 729 (2d Cir. 1998). "[A] district court abuses its discretion if it bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or renders a decision that cannot be located within the range of permissible decisions." *United States v. Halvon*, 26 F.4th 566,

569 (2d Cir. 2022) (citations and quotation marks omitted).

## I. TILA Claims

We affirm the district court's dismissal of Rowe's TILA claims on the ground that neither defendant is a "creditor" within the meaning of the TILA. The district court concluded that Rowe's attempt to exercise his right to rescission was untimely, and that his argument that a new rescission period was triggered by the transfer of his mortgage was unavailing. However, we need not reach the issue of timeliness. As the district court found in dismissing Rowe's claims for damages under the TILA, neither defendant is a "creditor." A creditor is the entity to whom the debt is payable. *See* 15 U.S.C. §1602(g); *see also Vincent v. The Money Store*, 736 F.3d 88, 105 (2d Cir. 2013). The amended complaint does not plausibly allege that the debt is payable to either defendant. To the contrary, it expressly alleges that the original mortgage lender was Citibank, N.A., and that in 2019 Rowe was notified that the "loan was currently owned by Federal National Mortgage Administration (FNMA) a non party to this action[.]" App'x at 5. Rowe does not allege that either Citibank, N.A. or FNMA assigned the loan to either defendant within the meaning of 15 U.S.C. §1641(d).

The TILA provides for civil liability only against creditors and certain assignees, *see* 15 U.S.C. §1640, and, likewise, a right to rescission is available only against a creditor. *See* 15 U.S.C. §1635(a) (detailing obligations of a *creditor* to give notice of right to

4

rescind); 15 U.S.C. §1635(b) (describing *creditor's* obligations upon demand for rescission). A loan servicer is not a "creditor" under the TILA unless it is also an owner or assignee of the loan. *See*, *e.g.*, *Marais v. Chase Home Fin. LLC*, 736 F.3d 711, 718-19 (6th Cir. 2013) (per curiam). Rowe does not plausibly allege that either defendant was an owner or assignee of the loan. Accordingly, all of Rowe's TILA claims against both defendants must be dismissed.

## II.     FDCPA and State Law Claims

As previously noted, we liberally construe the submissions of self-represented litigants, "reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (per curiam) (citation and quotation marks omitted). Nonetheless, self-represented appellants must comply with Rule 28(a) of the Rules of Appellate Procedure, which "requires appellants in their briefs to provide the court with a clear statement of the issues on appeal," and "we need not, and normally will not, decide issues that a party fails to raise in his or her appellate brief." *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998) (per curiam); *see also LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995).

Rowe does not challenge, on appeal, the dismissal of his FDCPA claims against Cenlar FSB. There is no mention of the FDCPA in Rowe's statement of issues presented on appeal, nor is the statute listed in his table of authorities. There is no discussion of the

FDCPA claims in either his primary or reply brief; the statute is mentioned just twice, in passing. Even construing Rowe's brief generously, this is insufficient to preserve any objection to the district court's ruling on this claim.

Rowe also fails to challenge the district court's decision not to exercise supplemental jurisdiction over his state law claims. Thus, any challenge to that decision is likewise waived.

## III. Rule 60(b) Motion

We affirm the District Court's denial of Rowe's motion for relief pursuant to Fed. R. Civ. P. 60(b)(1), 60(b)(3), and 60(b)(6). Rule 60(b) "governs motions for relief from a final judgment or order." *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005). The Rule allows a judgment to be set aside "for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud . . ., misrepresentation, or misconduct by an opposing party; . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b) is "a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (citation and quotation marks omitted).[1] We see no abuse of discretion in the district court's denial of relief under Rule 60(b).

---

[1] To the extent Rowe's 60(b) motion also sought relief under Rule 52 or Rule 59 of the Federal Rules of Civil Procedure, Rowe does not raise any arguments regarding those issues on appeal.

6

\*     \*     \*

We have considered all of Rowe's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court