23-1041-cv
*Davis v. Metro North Commuter R.R.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of April, two thousand twenty-four.

Present:

        ROBERT D. SACK,
        WILLIAM J. NARDINI,
        MYRNA PÉREZ,
            *Circuit Judges*.

---

RHULAND DAVIS,

        *Plaintiff-Appellant*,

        v.                                   23-1041-cv

METRO NORTH COMMUTER RAILROAD, ANDREW PAUL, Vice President Labor Relations, in his official and personal capacity, JOHN LONGOBARDI, Deputy Chief Field Operations, in his official and personal capacity,

        *Defendants-Appellees*.

---

| | |
|---|---|
| For Plaintiff-Appellant: | JOSHUA ALEXANDER BERNSTEIN, Josh Bernstein P.C., New York, NY |
| For Defendants-Appellees: | JENNIFER A. MUSTES, *for* Susan Sarch, Vice-President and General Counsel, Metro-North Commuter Railroad Company, New York, NY |

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Edgardo Ramos, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED in part**, **VACATED in part**, and **REMANDED in part**.

Plaintiff-Appellant Rhuland Davis appeals from a judgment of the United States District Court for the Southern District of New York (Edgardo Ramos, *District Judge*), entered on June 20, 2023, dismissing with prejudice his claims under Federal Rule of Civil Procedure 12(b)(6). Davis, who is African American, sued his former employer, Defendant-Appellee Metro North Commuter Railroad (the "MNR") as well as Defendants-Appellees Andrew Paul and John Longobardi, MNR employees, in their official and personal capacities (collectively with MNR, the "Defendants"), asserting claims arising out of his termination for (1) race discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000 *et seq.*; (2) selective enforcement under the Equal Protection Clause of the Fourteenth Amendment and 42 U.S.C. § 1983; and (3) a procedural due process violation under the Fourteenth Amendment and 42 U.S.C. § 1983.

The second amended complaint ("SAC") alleges the following: In 2016, the MNR found Davis guilty of a workplace infraction and disciplined him by issuing him a "'last chance' disciplinary waiver." J.A. at 11–12. Under a last chance waiver, Davis would be terminated upon his next disciplinary violation. In 2018, Davis worked on a New Haven line train, along with a brakeman and engineer, that collided with another train. For his involvement in the collision, the MNR suspended Davis and issued a notice of a disciplinary trial. The MNR held pre-trial conciliation meetings with the brakeman and engineer and offered them both settlement

2

agreements that did not involve termination, but the MNR did neither for Davis. After a disciplinary trial, the MNR terminated Davis pursuant to the last chance waiver that he received in 2016. Davis claims that his termination was racially motivated, pointing to instances where the MNR declined to terminate white employees who also had last chance waivers and were involved in similar misconduct. The district court dismissed the SAC with prejudice for failure to state a claim under Rule 12(b)(6). This appeal followed. We assume the parties' familiarity with the case.

"We review *de novo* a district court's grant of a dismissal under Rule 12(b)(6). Accordingly, we accept all factual allegations as true and draw every reasonable inference from those facts in the plaintiff's favor. The complaint must provide enough facts to state a claim to relief that is plausible on its face." *MacNaughton v. Young Living Essential Oils, LC*, 67 F.4th 89, 95 (2d Cir. 2023).[1]

## I. Title VII Claim

"[A]t the initial stage of the litigation[,] . . . the plaintiff does not need substantial evidence of discriminatory intent . . . in light of the plaintiff's minimal burden." *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015). "[F]or a discrimination claim [under Title VII] to survive a motion to dismiss, absent direct evidence of discrimination, what must be plausibly supported by facts alleged in the complaint is that the plaintiff (1) is a member of a protected class, (2) was qualified, (3) suffered an adverse employment action, and (4) has at least minimal support for the proposition that the employer was motivated by discriminatory intent." *Buon v. Spindler*, 65 F.4th 64, 79 (2d Cir. 2023). With respect to the fourth prong, a plaintiff may "rais[e] an inference of

---

[1] Unless otherwise indicated, case quotations omit all internal quotation marks, alteration marks, footnotes, and citations.

discrimination" through "[a] showing of disparate treatment—that is, a showing that an employer treated plaintiff less favorably than a similarly situated employee outside his protected group." *Ruiz v. County of Rockland*, 609 F.3d 486, 493 (2d Cir. 2010); *see Littlejohn*, 795 F.3d at 312. "An employee is similarly situated to co-employees if they were (1) subject to the same performance evaluation and discipline standards and (2) engaged in comparable conduct." *Ruiz*, 609 F.3d at 493–94.

Davis first argues that the district court improperly relied on exhibits attached to Defendants' motion to dismiss and, in particular, Defendants' Exhibit H. "In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. Where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document integral to the complaint." *United States ex rel. Foreman v. AECOM*, 19 F.4th 85, 106 (2d Cir. 2021).

Exhibit H is a copy of a text message sent from Dennis Richardson—an MNR conductor and hearing officer for the union to which Davis belonged—to Davis on September 26, 2018, stating:

> He said he would put you back to work tomorrow IF you sign a last chance waiver for time served, admitting guilt and forfeiting any appeals. If you decline they are going to dismiss. Not a great choice but let me know what you want to do. We support any decision you make. Thanks.

J.A. at 63. Richardson further wrote, "I spoke to Ralph [a train conductor and the chairman of the union], I sent an email to grant them an extension on their time to make a decision. Ralph wants to see the President about the offer." *Id.* Davis responded, "Ok." *Id.* Citing Exhibit H, the district

4

court stated that "[o]n September 26, 2018, Davis was informed that [MNR] would not terminate his employment as long as he signed an admission of guilt waiver and forfeited his right to an appeal." *Davis v. Metro N. Commuter R.R.*, No. 21 Civ. 387 (ER), 2023 WL 4080892, at \*3 (S.D.N.Y. June 20, 2023). It further stated that "Davis rejected [MNR]'s offer," *id.*, citing a paragraph in the SAC alleging that Davis "did not want to sign an admission of guilt," J.A. at 21. Relying on those facts, the district court concluded that some of the proffered comparators were not similarly situated because they accepted a settlement offer, whereas Davis rejected his offer.

We conclude that, even assuming Exhibit H was properly incorporated by reference by or integral to the SAC, the district court erred by engaging in impermissible factfinding. At the pleading stage, the court must accept the allegations in the complaint as true, unless they are conclusory and contradicted by extrinsic material incorporated into the complaint. *See Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 146–47 (2d Cir. 2011). Additionally, courts must resolve competing inferences in plaintiff's favor at the pleading stage. *See Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 184–85 (2d Cir. 2012). Here, the SAC alleges that even though Davis heard that he might receive a settlement offer from the MNR, the offer "never actually materialized." J.A. at 21. Indeed, the SAC repeats on multiple occasions that Davis never received an offer. Exhibit H does not contradict those allegations and permits an inference supporting the narrative set forth in the SAC. While Exhibit H may allow for an *inference* that Davis received an offer, "[t]he choice between two plausible inferences that may be drawn from factual allegations is not a choice to be made by the court on a Rule 12(b)(6) motion." *Anderson News, L.L.C.*, 680 F.3d at 185. Thus, by finding that Davis received an offer based on Exhibit H, and by failing to credit any of Davis's allegations to the contrary, the district court erred by resolving competing inferences in favor of Defendants.

5

Davis next argues that the district court erred by concluding that the SAC fails to adequately plead circumstances giving rise to an inference of discrimination. We agree. The SAC sufficiently pleads that one white employee, Danielle Bonge, was similarly situated. Davis alleges that Bonge received a last chance waiver and later was working on a train that collided with a passenger train. MNR did not terminate Bonge for her role in the collision, but instead gave her another last chance waiver. Thus, at least as alleged in the SAC, Bonge "was similarly situated in all material respects to [Davis]," *Brown v. Daikin Am. Inc.*, 756 F.3d 219, 230 (2d Cir. 2014), because, like Davis, Bonge was on a last chance waiver before her involvement in a train collision. We also find, however, that the remaining alleged comparators are not similarly situated to Davis because the SAC fails to plead that they were on last chance waivers or participated in conduct of comparable severity as a train collision.[2] In sum, the sufficient comparator allegation provides "at least minimal support for the proposition that the employer was motivated by discriminatory intent." *Buon*, 65 F.4th at 79. We therefore vacate the district court's dismissal of the Title VII claim and remand for further proceedings consistent with this order.

## II.     Selective Enforcement Claim

Davis also asserts a selective enforcement claim under the Equal Protection Clause. "To prevail on such a claim, a plaintiff must prove that (1) [he], compared with others similarly situated, was selectively treated, and (2) the selective treatment was motivated by an intention to discriminate on the basis of impermissible considerations, such as race or religion, to punish or

---

[2] In its opinion and order ruling on the motion to dismiss, the district court at times states that there is no *evidence* of disparate treatment. *See, e.g.*, *Davis*, 2023 WL 4080892, at *8 ("Because none of the identified individuals could objectively be considered similarly situated in all material respects, Davis *failed to produce evidence* of discrimination vis-à-vis similarly situated employees." (emphasis added)). Of course, it would have been erroneous for the district court to require Davis to produce evidence to survive a motion to dismiss. But reading the district court's references to "evidence" in context, we are convinced that it was referring instead to the sufficiency of the allegations in the SAC and the extrinsic materials that it considered.

inhibit the exercise of constitutional rights, or by a malicious or bad faith intent to injure the person." *Hu v. City of New York*, 927 F.3d 81, 91 (2d Cir. 2019). A comparator is similarly situated to the plaintiff when "the plaintiff's and comparator's circumstances . . . bear a reasonably close resemblance." *Id.* at 96. To establish the second prong, "plaintiffs must prove that the disparate treatment was *caused by* the impermissible motivation. They cannot merely rest on a showing of disparate treatment." *Bizzarro v. Miranda*, 394 F.3d 82, 87 (2d Cir. 2005); *see also Hu*, 927 F.3d at 91 (defining "impermissible considerations" to "protect[] against both discrimination on the basis of a plaintiff's protected status (*e.g.*, race or a constitutionally-protected activity) and discrimination on the basis of a defendant's personal malice or ill will towards a plaintiff").

As established above, the SAC sufficiently pleads that Bonge "bear[s] a reasonably close resemblance" to Davis, *id.* at 96. Defendants contend that Davis's selective enforcement claim nevertheless fails because the SAC does not plausibly allege that Defendants' conduct was caused by an impermissible motivation. While this is a close call, we conclude that the SAC contains sufficient allegations of irregularities in Defendants' treatment of Davis after the collision that "nudge[]" his selective enforcement claim "across the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009). The SAC alleges that (1) Defendants did not provide a pre-investigation meeting or a settlement offer to Davis, in violation of the MNR's collective bargaining agreement with the union; (2) Defendants indicated prior to the investigation that they intended to terminate Davis for the collision; and (3) Defendants delayed the investigation of Davis. Generously construed, these allegations suggest that Defendants acted with malice towards Davis. Accordingly, we vacate the district court's dismissal of the selective enforcement claim and remand for further proceedings consistent with this order.

7

### III. Procedural Due Process Claim

Davis next argues that the district court erred by dismissing his procedural due process claim. "A procedural due process claim is composed of two elements: (1) the existence of a property or liberty interest that was deprived and (2) deprivation of that interest without due process." *Radwan v. Manuel*, 55 F.4th 101, 123 (2d Cir. 2022). Davis, a public employee who is terminable only for cause, "was entitled to a very limited hearing prior to his termination, to be followed by a more comprehensive post-termination hearing." *Gilbert v. Homar*, 520 U.S. 924, 929 (1997). The "pretermination process need only include oral or written notice of the charges, an explanation of the employer's evidence, and an opportunity for the employee to tell his side of the story." *Id.*

Davis contends that Defendants deprived him of due process because MNR decided to terminate him before the investigation and hearing occurred. We disagree. It is well settled that a neutral adjudicator is not required at a pre-termination hearing, "where the [employer] affords plaintiff, subsequent to his termination, a full adversarial hearing before a neutral adjudicator." *Locurto v. Safir*, 264 F.3d 154, 174 (2d Cir. 2001). Here, the SAC alleges that Davis was given (and took) the opportunity to subsequently challenge his termination through an arbitration proceeding.

Davis contends that arbitration proceedings are *per se* insufficient because they differ from the proceeding in *Locurto*, and that his particular arbitration was insufficient because the arbitrator was allegedly mentally infirm. We again disagree. Arbitration proceedings can constitute adequate post-deprivation process. *See Harhay v. Town of Ellington Bd. of Educ.*, 323 F.3d 206, 213 (2d Cir. 2003) ("Courts have held that . . . post-deprivation procedures [set forth by a union agreement], providing for [an arbitration] hearing to contest a challenged employment decision,

8

are sufficient to satisfy due process."). And beyond conclusory allegations that the arbitrator was mentally infirm based on his age and that the MNR and the union have since decided to no longer use that arbitrator, Davis alleges no facts demonstrating that his arbitration proceeding constituted insufficient process. Accordingly, we affirm the district court's dismissal of Davis's due process claim.

*    *    *

We have considered Davis's remaining arguments and find them unpersuasive. Accordingly, the district court's judgment is **AFFIRMED in part** and **VACATED and REMANDED in part**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk