25-1894-cv
*Esposito v. Gary*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of April, two thousand twenty-six.

PRESENT:
> JOSÉ A. CABRANES,
> JOSEPH F. BIANCO,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

---

LUISA CASTAGNA-ESPOSITO,

> *Plaintiff-Counter-
> Defendant-Appellant*,

v.                                                                         25-1894-cv

CHRISTOPHER CHESTNUT, individually, and as a partner of The Chestnut Firm, Christopher Chestnut, L.L.P.,

> *Defendants-Appellees,*

WILLIE E. GARY, individually, and as a partner of Williams, Parenti, Watson, Gary, Williams, Parenti, Lewis & Watson LLC,

> *Defendants-Counter-
> Claimants-Appellees*,

ANDREW J. MALONEY III, individually, and as

a partner of The Maloney Law Group, Jane Does,
JANE DOES,

*Defendants*.

_____

FOR PLAINTIFF-COUNTER-
DEFENDANT-APPELLANT:

LUISA C. ESPOSITO, *pro se*,
West Hempstead, NY.

FOR DEFENDANTS-APPELLEES:

No appearance.

FOR DEFENDANTS-COUNTER-
CLAIMANTS-APPELLEES:

STEPHEN L. DRUMMOND,
Drummond & Squillace,
PLLC, Jamaica, NY.

FOR DEFENDANTS:

No appearance.

Appeal from a judgment of the United States District Court for the Southern District of New York (Paul G. Gardephe, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court, entered on August 12, 2025, is **AFFIRMED**.

Luisa Castagna Esposito, proceeding *pro se*, appeals from the district court's judgment dismissing her legal malpractice action for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). Esposito sued two of her former attorneys, Willie E. Gary and Christopher Chestnut, individually and as partners of their respective law firms, asserting legal malpractice and negligent misrepresentation. She alleged that Gary and Chestnut committed legal malpractice when representing her in a state court case against another one of her former attorneys, Allen Isaac, his law partner Harvey Gladstein, and their law firm, Gladstein & Isaac, LLP. The district court adopted the magistrate judge's recommendation to dismiss Esposito's first amended

2

complaint as time-barred. *See generally Esposito v. Gary*, 18 Civ. 11245 (PGG), 2020 WL 2520636 (S.D.N.Y. May 16, 2020). Esposito appealed, and this Court vacated the judgment, concluding that the district court incorrectly dismissed Esposito's complaint as time-barred, and remanded the case for consideration of whether Esposito's proposed second amended complaint stated a claim. *See generally Esposito v. Gary*, 844 F. App'x 448 (2d Cir. 2021) (summary order).

On remand, Gary filed a Rule 12(b)(6) motion to dismiss Esposito's counseled, second amended complaint. The district court granted the motion, and dismissed the second amended complaint as to Gary, concluding that Esposito failed to state a claim for legal malpractice or negligent misrepresentation. *See generally Esposito v. Gary*, 18 Civ. 11245 (PGG) (OTW), 2024 WL 4286090 (S.D.N.Y. Sept. 24, 2024). For the same reasons, the district court subsequently *sua sponte* dismissed Esposito's claims against Chestnut, pursuant to 28 U.S.C. § 1915(e)(2)(B). *See generally Esposito v. Gary*, 18 Civ. 11245 (PGG) (OTW), 2025 WL 1786243 (S.D.N.Y. Jun. 26, 2025). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

We review *de novo* the district court's dismissal of a complaint under Rule 12(b)(6). *See Moreira v. Société Générale, S.A.*, 125 F.4th 371, 387 (2d Cir. 2025). A complaint survives a Rule 12(b)(6) motion to dismiss if it alleges sufficient facts, taken as true and with all reasonable inferences drawn in the plaintiff's favor, to state a plausible claim. *See MacNaughton v. Young Living Essential Oils, LC*, 67 F.4th 89, 95 (2d Cir. 2023). "We review *de novo* a district court's dismissal of complaints under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)." *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). Moreover, "we liberally construe pleadings and briefs

3

submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (alteration adopted) (internal quotation marks and citation omitted).

The district court correctly dismissed Esposito's second amended complaint. First, we agree that Esposito failed to state a plausible legal malpractice claim. "To state a claim for legal malpractice under New York law, a plaintiff must allege: (1) attorney negligence; (2) which is the proximate cause of a loss; and (3) actual damages." *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 337 (2d Cir. 2006) (emphasis omitted). As we have explained,

> [t]o properly plead negligence, a party must aver that an attorney's conduct fell below the ordinary and reasonable skill and knowledge commonly possessed by a member of his profession. A complaint that essentially alleges either an error of judgment or a selection of one among several reasonable courses of action fails to state a claim for malpractice. Generally, an attorney may only be held liable for ignorance of the rules of practice, failure to comply with conditions precedent to suit, or for his neglect to prosecute or defend an action.

*Id.* (internal quotation marks and citation omitted).

With respect to the settlement offer, Esposito did not plausibly allege that Gary and Chestnut were negligent in advising her to reject a $750,000 settlement offer. She claimed that they unilaterally rejected a $750,000 settlement offer. However, Esposito did not assert that she was unaware of the offer; rather, she alleged that she "was concerned about the rejection of the $750,000 settlement but she didn't express those concerns to Gary and Chestnut." App'x at 131. Nor did Esposito plausibly allege that their advice—that she could receive millions if she continued to litigate the case—was unreasonable. Instead, Esposito maintained that she should

4

have prevailed at summary judgment, and had the case proceeded to trial, she "would have obtained a judgment of at least $25 million." *Id.* at 143.

As to Gary and Chestnut's performance at summary judgment, Esposito again did not plausibly allege that Gary and Chestnut were negligent. Esposito asserted that Gary and Chestnut should have opposed the summary judgment motion by raising arguments based on the New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL"). However, Esposito had not pleaded NYSHRL and NYCHRL claims. Indeed, on appeal from the trial court's grant of summary judgment, the Appellate Term declined to consider Esposito's "attempt to assert for the first time the unpleaded claim that defendant law firm is a 'public accommodation' and therefore liable under the New York State and City Human Rights Laws." *Esposito v. Isaac*, 52 N.Y.S.3d 246 (Table), 2017 WL 390810, at *1 (1st Dep't Jan. 27, 2017). The Appellate Term explained that Esposito "never pleaded any claims under the Human Rights Laws, never alleged that the law firm is a 'public accommodation,' and did not move to amend the complaint to assert such claims." *Id.* Gary and Chestnut did not begin representing her until approximately seven years after she had commenced the case and, here, Esposito did not allege that Gary and Chestnut had any involvement in crafting her state court complaint. Nor did she allege that they were unreasonable in not filing a motion to amend.

Esposito also asserted that Gary and Chestnut should have opposed summary judgment by submitting evidence that Gladstein was a managing partner and that he knew that Isaac was a sexual predator. However, Gary and Chestnut raised these arguments and cited supporting evidence. They asserted that Gladstein was "the managing partner of Gladstein and Isaac, and as

5

such, he had actual and or constructive knowledge of his business partners['] propensities to sexually harass the female members of his staff." Suppl. Mem. at 8, *Esposito v. Gary*, No. 18-cv-11245 (S.D.N.Y. May 14, 2022), Dkt. No. 92-7. They further argued that "[t]his fact is well documented in the testimony of Ileana Filomeno before the New York State Grievance Committee, First Judicial Department that Defendant, Allen Isaac sexually harassed her on several occasions and said behavior was reported to her immediate supervisor at the firm." *Id.* In sum, they contended that "[t]here is a history of unlawful sexual conduct that has happened in the past and as such the Defendants had prior knowledge of A. Isaac's sexual propensities and as such had a duty to address it." *Id.* at 11. Nevertheless, the state court concluded that "Gladstein was not in a supervisory role to Isaac" and granted the summary judgment motion. State Court Decision and Order at 6, 8, *Esposito v. Gary*, No. 18-cv-11245 (S.D.N.Y. May 14, 2022), Dkt. No. 92-9. Accordingly, Esposito did not plausibly allege that Gary and Chestnut were negligent for failing to raise these issues, or that their purported failure to do so was the proximate cause of her losing at summary judgment.

Second, we agree that Esposito failed to state a plausible negligent misrepresentation claim. "Under New York law, the elements for a negligent misrepresentation claim are that (1) the defendant had a duty, as a result of a special relationship, to give correct information; (2) the defendant made a false representation that he or she should have known was incorrect; (3) the information supplied in the representation was known by the defendant to be desired by the plaintiff for a serious purpose; (4) the plaintiff intended to rely and act upon it; and (5) the plaintiff reasonably relied on it to his or her detriment." *Hydro Invs., Inc. v. Trafalgar Power Inc.*, 227

6

F.3d 8, 20 (2d Cir. 2000). Because "the alleged misrepresentation must be factual in nature and not promissory or relating to future events," *id.*, the district court correctly concluded that Esposito failed to state a negligent misrepresentation claim based on Gary and Chestnut's advice to reject the alleged settlement offer and proceed to trial.

Finally, the district court properly denied Esposito further leave to amend as futile. Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Moreover, "[a] *pro se* complaint should not be dismissed without the [c]ourt granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (alterations adopted) (internal quotation marks and citation omitted). However, "a futile request to replead should be denied." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Where the district court bases its denial on futility of amendment, we review the denial *de novo*. *See Balintulo v. Ford Motor Co.*, 796 F.3d 160, 164 (2d Cir. 2015).

Here, Esposito had already twice amended her complaint. Her second amended complaint was counseled, and she has not explained how she would cure the defects identified by the district court, if given further leave to amend. Therefore, we affirm the district court's decision to deny Esposito's request for a further opportunity to amend. *See, e.g.*, *Noto v. 22nd Century Grp., Inc.*, 35 F.4th 95, 107–08 (2d Cir. 2022) (affirming denial of leave to replead where the party's request gave no indication about how the plaintiff would cure the pleading defects in its amended complaint).

\*               \*               \*

7

We have considered all of Esposito's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court